IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| YER YANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:22-cv-03253-MDH |
| | ) |
| HOMETOWN BANK, N.A., and | ) |
| GUARANTY BANK, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before this Court is Defendant's 12(b)(6) Motion to Dismiss. (Docs. 5, 6).[1] Plaintiff responded (Doc. 10) and Defendant replied in turn. (Doc. 16). For reasons herein, Defendant's Motion is **GRANTED**.[2]

## BACKGROUND

Plaintiff, who remains *pro se*, filed her complaint September 27, 2022. Plaintiff alleges a total of seven counts: violation of the Truth in Lending Act ("TILA"), conversion, violation of the

---

[1] Plaintiff's complaint identifies two separate defendants, Hometown Bank, N.A. and Guarantee Bank. These defendants merged before the filing of Plaintiff's compliant. As used in this Order, "Defendant" refers to the remaining entity, Guarantee Bank.

[2] Also before the Court is Defendant's Motion to Strike Plaintiff's Response in Opposition (Doc. 14). Defendant argues this Court should strike Plaintiff's response in opposition to the Motion to Dismiss because it was untimely and because Plaintiff carbon copied someone who appears to be an attorney on Plaintiff's email to Defense counsel, despite claiming pro se status. Defendant's Motion to Strike is **DENIED**. Plaintiff also filed with this Court a Motion for Extension of Time. (Doc. 23). Though unclear, it appears Plaintiff is actually seeking leave from this Court to file a response to Defendant's Motion to Dismiss Out of Time. To the extent Plaintiff seeks to respond in opposition to Plaintiff's Motion to Dismiss out of time, that Motion is **GRANTED**. Plaintiff has also filed two other Motions for Leave to File a Surresponse. (Docs. 25 and 29). The relief Plaintiff seeks is unclear. To the extent Plaintiff seeks to file another response to Defendant's Motion to Strike, this Court finds Plaintiff's Motion **MOOT**. To the extent Plaintiff seeks leave to file another response in opposition to Defendant's Motion to Dismiss, Plaintiff's Motion is **DENIED** as untimely.

1

Missouri Human Rights Act ("MHRA"), fraudulent concealment, wrongful foreclosure, breach of contract, and negligence. Though Plaintiff's specific claims remain somewhat unclear, Plaintiff's allegations stem generally from foreclosure of a poultry farm in 2012. Plaintiff and her husband originally purchased the poultry farm in Barry County, Missouri in 2003. Plaintiff's husband, who helped Plaintiff manage the poultry farm, died unexpectedly of a heart attack in June 2011. In November 2011, Plaintiff renegotiated the outstanding loan with Defendant. After renegotiation, Plaintiff claims Defendant withdrew money from Plaintiff's checking account. Plaintiff claims Defendant withdrew $10,924.29 in January 2012 and $11,099.12 in March 2012. Plaintiff contends Defendant made these withdrawals wrongfully, without Plaintiff's knowledge or permission. Plaintiff contends Defendant returned, in January 2012, $8,000 worth of the first withdrawal. Plaintiff also argues these automatic withdrawals were at odds with the agreement outlined in the renegotiated mortgage, which called for a single annual payment beginning October 2012. Plaintiff also claims Defendant filed a false insurance claim in August 2012 for damage from an alleged tornado that in reality never occurred. Plaintiff alleges that she received notice of a trustee sale on September 6, 2012, triggered by a lapsed insurance policy that violated terms of the mortgage. Defendant foreclosed on the farm via trustee sale on September 28, 2012. Though unclear, Plaintiff appears to seek approximately $823,877.15, which Plaintiff claims represents the value of the foreclosed property and the unauthorized withdrawals from Plaintiff's checking account.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations

contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). When assessing a complaint for a 12(b)(6) motion, the court considers the complaint itself and documents necessarily embraced by the pleadings. *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)).

## ARGUMENT

### I. The applicable statute of limitations bars Plaintiff's TILA claim

Plaintiff argues generally, "Defendants engaged in numerous courses of conduct that which were not agreed upon at the time of the agreement and therefore…[were] concealed from the Plaintiff at the time of the original agreement between the parties." (Doc. 1-1 at ¶ 38). Plaintiff also alleges general "misrepresentations with regards to the term and conditions of the agreement". (Doc. 1-1 at ¶ 39). Plaintiff's TILA claim specifically cites 15 U.S.C.A. § 1640 (a), which deals with the calculation of damages for claims brought under TILA. It is unclear that Plaintiff intended to cite this specific TILA subsection. Regardless of the specific subsection Plaintiff intended,

3

however, the applicable statute of limitations prevents Plaintiff's claims. TILA claims generally have a one-year statute of limitations, except for those claims brought under §§ 1639, 1639(b), or 1639(c), which have a three-year statute of limitations. 15 U.S.C. § 1640. Independent of whether Plaintiff's claims refer to the original 2003 loan or the 2011 renegotiated loan, it is plain the statute of limitations prevents Plaintiff's TILA claims.

Plaintiff argues that this Court should find that the statute of limitations tolled. (Doc. 10 at 2-3). As Plaintiff concedes, however, equitable tolling is an extraordinary remedy that requires Plaintiff show that Plaintiff has been pursuing her rights diligently and that extraordinary circumstances prevented timely filing of the complaint. *Wallace v. Kato*, 549 U.S. 384, 396 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Plaintiff has failed to make such a showing in the present matter, particularly given the nearly eleven years separating the execution of Plaintiff's 2011 renegotiated loan and the filing of Plaintiff's lawsuit. Likewise, Plaintiff has failed to show that the continuing violation doctrine applies in the instant case. "Under the so-called continuing-violation theory, each overt act that is part of the violation and that injures the plaintiff ... starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times*." Midwestern Mach. Co. v. Nw. Airlines, Inc.,* 392 F.3d 265, 269 (8th Cir. 2004) (citations omitted). For purposes of the TILA, a violation typically occurs when a transaction is consummated and fails to implicate the continuing violation doctrine. *Hobson v. Wells Fargo Home Mortg.*, No. 2:11CV00010 AGF, 2011 WL 3704815, at *3 (E.D. Mo. Aug. 24, 2011). Even a liberal read of Plaintiff's allegations show Plaintiff has not alleged any TILA violations after foreclosure in 2012, approximately ten years before Plaintiff filed her complaint in this Court, well after the applicable TILA statute of limitations.

**II.     The applicable statute of limitations bars Plaintiff's conversion claim**

Plaintiff claims that Defendant "inexplicably took possession and interfered with the Plaintiff's control of property that the Plaintiff was rightfully entitled to possess and deprived the Plaintiff of the right to possess that property without justification or authority." (Doc. 1-1 at ¶ 44). Plaintiff's claims are general and lack a description of the specific property at issue. As Defendant argues, however, the only plausible property to which Plaintiff may be referring is money allegedly withdrawn by Defendant without Plaintiff's authorization, as Missouri law indicates that conversion claims are limited to personal rather than real property. *Eckel v. Eckel*, 540 S.W.3d 476, 487 (Mo. Ct. App. 2018).

As Defendant contends, however, Plaintiff's conversion claims are barred by the applicable five-year statute of limitations. "The five year statute of limitations period set forth in Section 516.120 applies to replevin and conversion actions for personal property." *Hamdan v. Bd. of Police Comm'rs for City of St. Louis*, 37 S.W.3d 397, 399 (Mo. Ct. App. 2001). Plaintiff asserts that Defendant withdrew money from Plaintiff's bank account on January 27, 2012 and that Plaintiff became aware of this withdrawal on January 28, 2012. (Doc. 1 at ¶¶ 15-16). This indicates the five-year statute of limitations on the conversion claim would have expired in January 2017. Plaintiff's complaint does not identify when specifically she became aware of the alleged March 16, 2012 unauthorized withdrawal. As Defendant contends, however, the sudden and unexplained absence of $11,099.12 from Plaintiff's personal bank account would "place a reasonably prudent person on notice of a potentially actionable injury." *Zerjav v. JP Morgan Chase Nat'l Corp. Servs., Inc.*, 185 F. Supp. 3d 1149, 1152 (E.D. Mo. 2016). Plaintiff's claim comes nearly eleven years after the complained-of actions, well after the applicable five-year statute of limitations.

Plaintiff's citation of *Henry v. Bank of America* is misplaced, as this case deals largely with New York state law and concludes that the continuing wrongs doctrine was inapplicable to Plaintiff's claims. *Henry v. Bank of Am.*, 147 A.D.3d 599, 601-02 48 N.Y.S.3d 67 (2017). Even drawing all reasonable inferences in Plaintiff's favor, it would be unreasonable to find exception to Missouri's five-year statute of limitations for Plaintiff's conversion claim.

### III. This Court lacks subject matter jurisdiction over Plaintiff's MHRA claim

Plaintiff's Count Three asserts violation of the MHRA, claiming "Defendants violated the prohibition against discrimination based on familial status stated in [the MHRA], in that Plaintiff was denied funding and/or assistance based on her status as a widow and her status as Hmong." (Doc. 1-1 at ¶ 50). As Defendant argues, however, Plaintiff does not claim, and no evidence suggests, Plaintiff has exhausted her administrative remedies before suing, as required by the MHRA statute.

> As a jurisdictional condition precedent to filing a civil action under this chapter, any person claiming to be aggrieved by an unlawful discriminatory practice shall make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the employer, employment agency, labor organization, or place of public accommodation alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission. Mo. Ann. Stat. § 213.075.

Because Plaintiff has not alleged and no evidence suggests Plaintiff signed and filed a verified, written complaint with the Missouri Human Rights Commission, this Court lacks subject-matter jurisdiction as to Plaintiff's Count Three claim. Given lack of subject-matter jurisdiction, this Court is reluctant to weigh in on Defendant's additional bases for dismissal, though it appears from Plaintiff's allegations alone, the MHRA's two-year statute of limitations prevents Plaintiff's claims.

*See* Mo. Ann. Stat. § 213.111 ("Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.").

## IV. The applicable statute of limitations bars Plaintiff's fraudulent concealment claim

Plaintiff claims that, "Defendants bank concealed the series of checks/debits to Plaintiff's bank account at Hometown Bank, prepared, finalized, submitted, and subtracted from Plaintiff's bank account…all this was done by the bank with some unstated and concealed purpose, reason, and motivation." (Doc. 1-1 at ¶¶ 61, 62). Defendant argues that Plaintiff's claim is barred by a five-year statute of limitations on any civil fraud claim under Missouri law, which provides that "the cause of action in [a fraud case] to be deemed not to have accrued until the discovery by the aggrieved party…" Mo. Ann. Stat. § 516.120.[3] Plaintiff's own admissions make clear that Plaintiff was aware of the alleged fraud, as Plaintiff indicates that she discussed the January 2012 withdrawal with Defendant, who returned part of the amount withdrawn to Plaintiff's bank account. (Doc. 1-1 at ¶ 16). As discussed above, though unclear from Plaintiff's complaint alone when Plaintiff became aware of the March 16, 2012 withdrawal, the sudden and unexplained absence of $11,099.12 from Plaintiff's checking account would, "place a reasonably prudent person on notice of a potentially actionable injury." *Zerjav v. JP Morgan Chase Nat'l Corp. Servs.,*

---

[3] Defendant's understanding of Plaintiff's fraudulent concealment claim includes allegations about Defendant wrongfully taking an insurance payout following wind damage sustained on the real estate at issue. After several close reads of Plaintiff's complaint, this Court believes Plaintiff's fraudulent concealment claims remain limited to allegations about the alleged withdrawals from Plaintiff's bank account. To the extent Plaintiff also intends to complain about Defendant wrongfully keeping any insurance payout following wind damage, Plaintiff's allegation is likewise barred by the applicable five-year statute of limitations.

7

*Inc.*, 185 F. Supp. 3d 1149, 1152 (E.D. Mo. 2016). Taken together, this indicates the statute of limitations for any fraud claim stemming from the January 2012 and March 2012 withdrawals would have expired in or around January and March 2017 respectively, more than five years before Plaintiff filed the present complaint in this Court.

Plaintiff again argues for equitable tolling of the statute of limitations, but Plaintiff has failed to allege facts showing Plaintiff has been pursuing her rights diligently and that extraordinary circumstances prevented timely filing of the complaint. *Wallace v. Kato*, 549 U.S. 384, 396 (2007) (equitable tolling rare and extraordinary measure); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (equitable tolling requires a showing that plaintiff has been pursuing claims diligently and extraordinary reasons prevented plaintiff from timely filing complaint). This is particularly true where, as here, Plaintiff's complaint was not filed until nearly six years after the expiration of the statute of limitations.

### V. Plaintiff fails to state a claim for wrongful foreclosure

Plaintiff asserts "the foreclosure in this case was wrongful because it was not based on missing mortgage payments. Plaintiff was at all times current on her mortgage. The basis of the foreclosure was that she failed to obtain insurance for the chicken houses…The reason she could not get the insurance was that she needed money to pay for the insurance policy. The bank took all her money." (Doc. 1-1 at ¶¶ 79-81). Though somewhat unclear, Plaintiff appears to assert a wrongful foreclosure in tort, rather than in equity. *Dobson v. Mortg. Elec. Registration Sys./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008) ("The term 'wrongful foreclosure' has been used both in relation to suits in equity as a ground to set aside a sale and suits at law as a ground to recover tort damages."). For wrongful foreclosure cases brought in tort, "if there is a right to

8

Case 6:22-cv-03253-MDH   Document 35   Filed 05/16/23   Page 8 of 12

foreclose, there can be no tort cause of action for wrongful foreclosure." *Id*. Plaintiff, however, does not indicate how failure to obtain insurance did not constitute a violation of the mortgage terms. Though being current on all mortgage payments may indicate Defendant lacked reason to foreclose on that basis, there is no evidence or allegation Plaintiff's acknowledged failure to insure the real estate could not lead to foreclosure. Plaintiff has not asserted that Defendant lacked the right to foreclose due to Plaintiff's acknowledged failure to insure the property. Defendant also argues that Plaintiff's claims are barred by a five-year statute of limitation under Section 516.120(1). Because Plaintiff's own claims make clear, however, that Plaintiff failed to properly insure the property and that Defendant foreclosed on that basis, this Court need not determine the applicability of Section 516.120(1)'s five-year statute of limitation to Plaintiff's wrongful foreclosure claim.

### VI. Plaintiff failed to state a claim for breach of contract

Plaintiff also alleges breach of contract against Defendant. Plaintiff's specific claims regarding breach of contract are not entirely clear. Generally, however, it appears Plaintiff argues that Defendant breached the mortgage contract when Defendant foreclosed on Plaintiff's real estate by trustee sale on September 28, 2012 and when Defendant allegedly removed funds automatically from Plaintiff's bank account without prior authorization from Plaintiff in January and March 2012. Defendant contends, however, Plaintiff's contract claims are barred by the statute of limitation.

Missouri has two statutes of limitations for contract cases. The primary contract statute of limitation, Section 516.120(1), imposes a five-year limit on "[a]ll actions upon contracts, obligations or liabilities, express or implied." Section 516.110(1), on the other hand, identifies a

9

ten-year limit for "an action upon any writing, whether sealed or unsealed, for the payment of money or property." The Eighth Circuit has found, "the ten-year statute applies only if the 'plaintiff seeks a judgment from the defendant for payment of money the defendant agreed to pay in a written contract.'" *City of Carthage, Missouri v. Union Pac. R.R. Co.*, 61 F.4th 565, 568 (8th Cir. 2023) (quoting *Hughes Dev. Co. v. Omega Realty Co.*, 951 S.W.2d 615, 617 (Mo. 1997). Put differently, 516.110(1)'s ten-year limitation applies to those cases involving "any writing containing a promise by the defendant to pay money…where the plaintiff seeks monetary damages." *Hughes* at 617. Defendant urges this Court to apply § 516.120(1)'s five-year limitation, as neither the deed of trust nor the 2011 loan "constitute[s] a written promise by [Defendant] to pay money." (Doc. 7 at 18).

Defendant's position, however, is too narrow. While neither the deed of trust nor the 2011 loan reflects a promise by Defendant to pay money, the 2011 loan of course reflects a promise by Plaintiff to pay money to Defendant in exchange for property. This appears sufficient to invoke Missouri's ten-year statute of limitation, which contemplates writings for payment of money as well as property. This position finds support from one federal court applying Missouri law finding, "breach of contract claims based upon loan documents must be brought within 10 years in Missouri." *Futrell v. TIAA Bank*, No. 4:20-CV-277 RLW, 2020 WL 4808633, at *3 (E.D. Mo. Aug. 18, 2020), *aff'd*, 843 F. App'x 14 (8th Cir. 2021). Application of the ten-year limit also appears generally consistent with the *Hughes* ruling, in which the Missouri Supreme Court acknowledged 516.110(1)'s "admittedly quite broad" application. *Hughes* at 617. Accordingly, this Court finds 516.110(1)'s ten-year limit is most appropriate in this case. Plaintiff filed her complaint September 27, 2022. To the extent Plaintiff's claim contemplates an allegation based on Defendant's alleged bank withdrawals, because these occurred in January and March 2012, Plaintiff's complaint is untimely, even based on 516.110(1)'s ten-year limit. On the other hand, to

10

Case 6:22-cv-03253-MDH   Document 35   Filed 05/16/23   Page 10 of 12

the extent Plaintiff's claim contemplates an allegation based on the foreclosure, which occurred September 28, 2012 via deed of trust sale (Doc. 1-13), Plaintiff's complaint appears to fall within the applicable ten-year statute of limitations by one day.

Though Plaintiff's contract allegation is not untimely to the extent it contemplates a claim arising from foreclosure rather than withdrawals, Plaintiff's complaint nonetheless fails to state a claim for which relief can be granted. As discussed above, Plaintiff's own allegations make clear Defendant foreclosed based on Plaintiff's acknowledged failure to insure the property. (Doc. 1-1 at ¶¶ 79-81). "Missouri does adhere to the 'first to breach' rule, which holds that a party to a contract cannot claim its benefit where he is the first to violate it." *R.J.S. Sec., Inc. v. Command Sec. Servs., Inc.,* 101 S.W.3d 1, 18 (Mo. Ct. App. 2003) (citations omitted). Plaintiff's breach of contract allegation also asserts, "Plaintiff never received any Notice of Default or similar notice from Defendant." (Doc. 1-1 at ¶ 99). This claim is at odds with Plaintiff's own documentary evidence, however, which includes a notice of trustee sale sent to Plaintiff by Defendant's counsel September 6, 2012. (Doc. 1-12). Taken together, even a liberal read of Plaintiff's complaint leads to the conclusion that Plaintiff's complaint simply lacks alleged facts to give rise to any sort of cognizable breach of contract claim.

### VII. Plaintiff has failed to state a claim for negligence

Plaintiff claims that Defendant acted negligently in Count Seven, but Plaintiff fails to identify what specific acts on the part of Defendant constitute negligence. Nor does Plaintiff identify a specific duty or breach. Assuming, however, Plaintiff intends to argue that the 2012 foreclosure and withdrawals somehow constitute negligence on the part of Defendant, it is clear the applicable statute of limitations bars Plaintiff's allegation. Under Missouri law, "the applicable

statute of limitations for a negligence action is five years pursuant to Section 516.120. In Missouri, the statute of limitations begins to run when the evidence places a reasonably prudent person on notice of a potentially actionable injury. *Watson as Tr. of George T. & Mary E. Watson Tr. Dated Nov. 18, 1997 v. Menard, Inc.*, No. ED 109525, 2021 WL 5456885 (Mo. Ct. App. Nov. 23, 2021) (citations omitted). Because the withdrawals and foreclosure occurred in 2012, the applicable statute of limitations would prevent any suit after 2017. Plaintiff filed her suit in September 2022, at least ten years after the actions that gave rise to her complaint.

## CONCLUSION

For foregoing reasons, Defendant's Motion to Dismissed is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 16, 2023             */s/ Douglas Harpool*
                                                                    **DOUGLAS HARPOOL**
                                                                    **United States District Judge**